UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OLIVER,<br><br>                    Plaintiff,<br><br>v.<br><br>KRISTIN TAVIA MIHELIC, et al.,<br><br>                    Defendants. | Case No.: 21cv1807-LL-DEB<br><br>**ORDER DENYING MOTION TO REMAND [ECF No. 10]** |

This matter is before the Court on Plaintiff Thomas Oliver's Motion to Remand. ECF No. 10. Defendants, Kristin Tavia Mihelic, Tiffany Louise Carroll, Louise Decarl Adler, and the United States of America, filed an Opposition [ECF No. 14], and Plaintiff filed a Reply [ECF No. 16]. The Motion is fully briefed, and the Court deems it suitable for submission without oral argument. For the reasons set forth below, the Court denies the Motion.

**I.     Background**

Plaintiff, proceeding pro se, filed this lawsuit in San Diego County Superior Court, and the operative first amended complaint ("FAC") was filed on September 15, 2021. ECF No. 1-2 at 2-8. The FAC alleges that the Defendants caused injury to Plaintiff through negligent or other wrongful acts, and specifically alleges the following causes of action:

(1) perjury, (2) violation of constitutional rights, (3) falsified judicial and public records, (4) falsified evidence, (5) fraud, (6) lost earning capacity, and (7) intentional infliction of emotional distress. *Id.*

On October 22, 2021, the United States filed a notice of substitution for Defendants Mihelic, Carroll, and Adler with respect to claims one and three through seven (hereinafter "the FTCA claims") in the FAC. ECF No. 2. The notice of substitution included a certification from Assistant U.S. Attorney Katherine Parker that at the time of the conduct alleged the Defendants were acting in the scope of their employment, respectively for the Office of the United States Trustee and as an employee of the United States Courts. *Id.* at 2-3. On October 22, 2021, Defendants removed the complaint to this court based on original jurisdiction under 28 U.S.C. § 1331. ECF No. 1 at 2-3. Defendants also removed the case under 28 U.S.C. §§ 1441, 1442 and 1446 because the United States is a Defendant in the action. *Id.* at 3. On November 22, 2021, Plaintiff filed the instant Motion to Remand. ECF No. 10.

## II. Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (internal quotation marks and citation omitted). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks and citation omitted). "The burden of establishing federal jurisdiction is upon the party seeking removal. . . ." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### III.  Discussion

#### A. Plaintiff's Federal Tort Claims Act Claims (Claims One and Three Through Seven in the FAC)

The Federal Tort Claims Act ("FTCA") provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. §§ 1346(b), 2671-2680.

Defendants removed the present action to federal court on the FTCA claims upon certification that at the time of the conduct alleged in Plaintiff's FAC, Defendants Mihelic, Carroll, and Adler, were acting within the scope of their employment as federal employees. ECF No. 2 at 2-3; 28 U.S.C. § 1346(b). Plaintiff alleges this removal was improper because "[t]he Complaint at bar asserts no federal claims on its face or anywhere else." ECF No. 10 at 3. Plaintiff further alleges in relevant part that "my complaint is anchored in state law claims as clearly seen on its first page, so even if federal law is somehow brought into the mix – which it is not as of now in light of my complaint, the papers Criminals[1] have filed in this court, this motion and my other papers, and the facts of the matter – the above

---

[1] Plaintiff refers to the Defendants as "Criminal(s)" in his Motion to Remand. ECF No. 10 at 3.

3

21cv1807-LL-DEB

authority makes apparent that federal jurisdiction is not invoked." *Id.* at 4. Plaintiff also states that he "specifically chose state court because the likelihood that [the Defendants] have friends there should be lower than here in federal court." *Id.* at 2.

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.*, 340 F. 3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998)). Plaintiff's argument that "[t]he Complaint at bar asserts no federal claims on its face or anywhere else" is without merit. ECF No. 10 at 3. Under the FTCA, if a defendant employee's conduct is certified to be acting within the scope of his federal employment, the law provides for removal and mandatory substitution of the United States in place of the employee. *See* 28 U.S.C. §§ 2679(d)(1), (2). Accordingly, even though Plaintiff did not name the United States as a Defendant in his operative complaint, the United States was properly substituted on the FTCA claims. The Court finds that Plaintiff's FTCA claims were properly removed to federal court. Thus, Plaintiff's Motion to Remand the FTCA claims is denied.

### B. Plaintiff's Constitutional Claim (Claim Two in the FAC)

The FAC alleges a "violation of constitutional rights" as the second claim against the individual Defendants Mihelic, Carroll, and Adler. ECF No. 1-2 at 4-5. Constitutional claims for damages against individual government officials personally are cognizable under *Bivens*. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff argues that "mere mention of the U.S. Constitution" does not create federal question jurisdiction. ECF No. 10 at 6. Plaintiff's argument is without merit. Under 28 U.S.C. § 1442(a)(1), a civil action that is commenced in state court and is against any officer of the United States, in an official or individual capacity, relating to any act under color of such office, may be removed to the district court of the United States for the district where it is pending. 28 U.S.C. § 1442(a)(1).  Thus, Plaintiff's Motion to Remand claim two is denied.

/ / /

### C. Consent and Removal

Finally, Plaintiff contends that this case should be remanded because all Defendants did not consent prior to removal. ECF No. 10 at 12. Generally, parties seeking to remove on the basis of federal question jurisdiction must also meet the requirements of 28 U.S.C. § 1446(b), which requires defendants to remove within thirty days of receipt of initial pleading or service of summons. The removal statute also requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Thus, defendants who are not properly served are not required to join in or consent to removal. *See id*. However, with respect to Plaintiff's FTCA claims, any civil action "shall be removed . . . at any time before trial." 28 U.S.C. § 2679(d)(2); *see Osborn v. Haley*, 549 U.S. 225, 231 (2007) ("When the Government removes an action under the FTCA and the Attorney General certifies that the defendant employee was acting within the scope of his or her employment with the United States, 'exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court.'"). Similarly, with respect to Plaintiff's constitutional claim, consent was also not required under 28 U.S.C. § 28 U.S.C. 1442(a)(1). *See United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (a federal officer or agency defendant can unilaterally remove a case under Section 1442). Accordingly, Plaintiff's Motion to Remand is denied on this basis.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: February 8, 2022

_____
Honorable Linda Lopez
United States District Judge