1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11   THOMAS OLIVER,

Case No.:  21cv1807-LL-DEB

12                                    Plaintiff,

**ORDER GRANTING MOTIONS TO**

13   v.

**DISMISS WITH PREJUDICE [ECF**
**Nos. 5, 9]**

14   KRISTIN TAVIA MIHELIC, et al.,

15                                    Defendants.

16

17

18          Presently before the Court are two Motions to Dismiss. ECF Nos. 5, 9. The first

19   motion is Defendant "United States' Motion to Dismiss Claims One and Three Through

20   Seven of the Removed Amended Complaint for Lack of Subject Matter Jurisdiction and

21   Failure to Allege a Cognizable Claim" (hereinafter "United States' Motion to Dismiss").

22   ECF No. 5. Plaintiff, Thomas Oliver, proceeding pro se, filed an "Objection" in response

23   to the United States' Motion (hereinafter "Opposition to United States' Motion to

24   Dismiss") [ECF No. 11], and Defendant United States filed a Reply [ECF No. 13]. The

25   second motion is the "Individual Defendants' Motion to Dismiss Claim Two of the

26   Removed Amended Complaint for Failure to Allege a Cognizable Claim" (hereinafter

27   "Individual Defendants' Motion to Dismiss"). ECF No. 9. Plaintiff filed an "Objection" in

28   response to the United States' Motion (hereinafter "Opposition to Individual Defendants'

Motion to Dismiss") [ECF No. 18], and the Individual Defendants filed a Reply [ECF No. 19]. The motions are fully briefed, and the Court deems them suitable for submission without oral argument. For the reasons set forth below, the Court grants the Motions to Dismiss with prejudice.

## I.    Background

Plaintiff, proceeding pro se, filed this lawsuit in San Diego County Superior Court, and the operative first amended complaint ("FAC") was filed on September 15, 2021. ECF No. 1-2 at 2-8. The FAC alleges that the Defendants Bankruptcy Court Judge Louise Adler, Region 15 Acting United States Trustee Tiffany Carroll, and Trial Attorney Kristin Mihelic caused injury to Plaintiff through negligent or other wrongful acts, and specifically alleges the following causes of action: (1) perjury, (2) violation of constitutional rights, (3) falsified judicial and public records, (4) falsified evidence, (5) fraud, (6) lost earning capacity, and (7) intentional infliction of emotional distress. *Id.* Plaintiff's allegations against Defendants arise from a bankruptcy proceeding in which Defendant Judge Adler entered an order imposing terminating sanctions and entering default against Plaintiff. *See United States Trustee v. Oliver*, United States Bankruptcy Court for the Southern District of California Case No. 20-90093-LA (the "Adversary Proceeding").[1] The Adversary Proceeding is related to Oliver's voluntary petition filed under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California in Bankruptcy Case No. 20-01053-LA7.

On October 22, 2021, the United States filed a notice of substitution for Defendants Mihelic, Carroll, and Adler with respect to claims one and three through seven in the FAC. ECF No. 2. In the notice of substitution, the Assistant U.S. Attorney Katherine Parker

---

[1] Under Federal Rule of Evidence 201, a court may take judicial notice of court filings and other matters of public record. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings).

certified that at the time of the conduct alleged the Defendants were acting in the scope of their employment, respectively for the Office of the United States Trustee and as an employee of the United States Courts, invoking the Federal Tort Claims Act ("FTCA"). *Id.* at 2-3.  On October 22, 2021, Defendants removed the complaint to this court based on original jurisdiction under 28 U.S.C. § 1331.  ECF No. 1 at 2-3. Defendants also removed the case under 28 U.S.C. §§ 1441, 1442 and 1446 because the United States is a Defendant in the action. *Id.* at 3. On October 28, 2021, Defendant United States filed a Motion to Dismiss Plaintiff's claims one and three through seven in the FAC (hereinafter "FTCA claims"). ECF No. 5. On November 22, 2021, Individual Defendants Bankruptcy Court Judge Louise Adler, United States Trustee Trial Attorney Kristin Mihelic, and Acting United States Trustee Tiffany Carroll filed a Motion to Dismiss Claim Two in the FAC. ECF No. 9. On November 22, 2021, Plaintiff filed a Motion to Remand [ECF No. 10], which this Court denied on February 8, 2022. ECF No. 21.

The gravamen of the allegations in Plaintiff's FAC is that Plaintiff is unhappy with the outcome of his bankruptcy court proceedings and the manner in which Defendant Judge Adler handled his case. The specificities of the FAC are not relevant at this time because the United States moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), alleging a lack of subject matter jurisdiction. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 31 (2007).

## II.  Legal Standards

A party may file a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) alleging the court lacks subject matter jurisdiction over the matter. A party may seek a Rule 12(b)(1) dismissal based "either on the face of the pleadings or by presenting evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, the challenger presents evidence and "the district

court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*

"It is well settled that the FTCA . . . provides the exclusive statutory remedy for torts committed by employees of the United States who act within the scope of their employment, that the United States is the only proper defendant in an action under the FTCA and that a plaintiff may not file a suit under the FTCA unless he first exhausts his administrative remedies under the FTCA." *Salcedo-Albanez v. United States*, 149 F. Supp. 2d 1240, 1243 (S.D. Cal. 2001) (citing 28 U.S.C. § 2675). Specifically, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages - unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The requirement that a plaintiff exhaust his administrative remedies is jurisdictional in nature, may not be waived, and "must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). The timely filing of an administrative claim, as a jurisdictional prerequisite to bringing a lawsuit under the FTCA, should be affirmatively alleged in the complaint. *Gillespie v. Civilette*, 629 F.2d 637, 640 (9th Cir. 1980).

A motion to dismiss pursuant to 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). To avoid dismissal, a complaint must plead with enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

4

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   Discussion

The Court will first address the United States' Motion to Dismiss [ECF No. 5], and then will address individual Defendants' (Bankruptcy Judge Adler, United States Trustee Carroll, and United States Trustee Trial Attorney Mihelic) Motion to Dismiss [ECF No. 9] as set forth below.

### A.   <u>United States' Motion to Dismiss Plaintiff's FTCA Claims (Claims One and Three Through Seven in the FAC)</u>

#### 1.   **Plaintiff Failed to Administratively Exhaust His FTCA Claims (Claims One and Three Through Seven in the FAC)**

The United States moves to dismiss on the basis that the court lacks subject matter jurisdiction as to the United States because Plaintiff did not file an administrative claim prior to filing suit. United States' Motion to Dismiss at 22-24. Specifically, the United States argues in relevant part:

> Plaintiff's Amended Complaint does not [allege the exhaustion of the administrative claim process] (which is not surprising since Plaintiff brought his suit against individual federal employees in state court). Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims against the United States.

*Id.* at 23. Plaintiff argues in his Opposition to the United States' Motion to Dismiss that the FTCA does not apply in the instant action. *See e.g.*, Oppo. at 6, 7, 9, 10. Specifically, Plaintiff argues in relevant part:

> [Defendants] once again center their motion around the FTCA. The case at bar has not yet reached relevant law for the reasons already given. If my complaint was based upon the FTCA - even though it makes no mention of it – *none* of its exceptions would apply. . . . [T]he United States is not a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

defendant, and the FTCA does *not* apply.

*Id*. at 9-10 (emphasis in original). Plaintiff further argues that he "reported the misconduct and crime to the DOI, the Office of the Inspector General, and the Office of Professional Responsibility – in addition to filing complaints with the State Bar of California and the Ninth Circuit. . . . Thus far, nobody has lifted a toxic finger to bring [Defendants] to justice." *Id*. at 11.

The Court finds that the United States has properly certified that at the time of the conduct alleged in Plaintiff's Amended Complaint, Defendants Mihelic and Carroll were acting within the scope of their employment as employees of the Office of the United States Trustee, and Defendant Adler was acting within the scope of her employment as an employee of the United States State Courts. ECF No. 2 at Exhibit 1. *See U-Haul In'tl, Inc. v. Est. of Albright*, 626 F.3d 498, 501 (9th Cir. 2010) ("[C]ertification is 'prima facie' evidence that a federal employee was acting in the scope of [her] employment at the time of the incident."). Accordingly, the FTCA provides the exclusive statutory remedy for Plaintiff on his FTCA claims, the United States is the only proper Defendant on Plaintiff's FTCA claims, and Plaintiff must allege that he exhausted his administrative remedies. *See* 28 U.S.C. § 2675; *see also Salcedo-Albanez*, 149 F. Supp. 2d at 1243; *Jackson v. Tate*, 648 F.3d 729, 735 (9th Cir. 2011) (Once the United States certifies that an individual was acting within the scope of her employment as a federal employee at the time of the alleged conduct at issue, the United States must be substituted as the defendant and "must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment") (emphasis in original) (internal quotation omitted). Here, Plaintiff fails to present any evidence that Defendants Mihelic, Carroll and Adler were acting outside the scope of their employment at the time of the alleged conduct. Additionally, Plaintiff's cursory allegation that he reported the alleged "misconduct and crime" to certain entities and filed complaints with the State Bar, does not satisfy the administrative exhaustion requirement set forth in 28 U.S.C. § 2675(a).

Thus, the Court finds it does not have subject matter jurisdiction over Plaintiff's FTCA claims (claims one and three through seven). Accordingly, it is hereby **ORDERED** that Defendant United States' Motion to Dismiss for lack of subject matter jurisdiction for Plaintiff's failure to administratively exhaust his claims is **GRANTED**.

Further, Plaintiff's Opposition makes it clear that he cannot allege that he exhausted his administrative remedies under the FTCA.[2] Although generally a court should give a plaintiff the opportunity to cure any pleading defect, in this case, the Court **DISMISSES WITH PREJUDICE** Plaintiff's FTCA claims against the United States. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (providing leave to amend may be denied when "the court determines that the allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency").

### 2. Judicial and Quasi-Judicial Immunity Bar Plaintiff's FTCA Claims (Claims One and Three Through Seven in the FAC)

The United States also moves to dismiss Plaintiff's FAC on the basis of absolute judicial immunity for Judge Adler and quasi-judicial immunity for United States Trustee Carroll and United States Trustee Trial Attorney Mihelic. United States' Motion to Dismiss at 16-8. It is well established that "judges or courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly." *Stump v. Starkman*, 435 U.S. 349, 355 (1978) (internal quotation marks omitted). "[Judicial] immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen v. Idaho State Bd. Of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1871)). Consistent with this principle, "[a] judge will not be deprived of

---

[2] Additionally, for the reasons set forth in the next section regarding judicial and quasi-judicial immunity barring Plaintiff's claims, an amended pleading would be futile to cure any pleading defect.

immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he acted in the clear absence of all jurisdiction.[3]" *Stump v. Starkman*, 435 U.S. at 356-57 (internal quotation marks and citation omitted); *see also Forrester v. White*, 484 U.S. 219, 227 (1988) (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991).

Under the FTCA, the United States is "entitled to assert any defense based upon judicial . . . immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." 28 U.S.C. § 2674; *see also Buck v. Stewart*, 2008 WL 901716, at *4 (D. Utah Mar. 31, 2008) ("Thus, under § 2674, the United States possesses judicial immunity as to [a] plaintiff's claims under [the] FTCA because the judicial defendants whose alleged acts form the basis for the claims have judicial immunity.").

Despite Plaintiff's allegations to the contrary, all of the actions of which he complains were judicial in nature and performed during the course of bankruptcy proceedings over which Judge Adler had subject matter jurisdiction. Judge Adler was acting in a judicial capacity as a Bankruptcy Judge on Plaintiff's Chapter 7 bankruptcy petition and the United States Trustee's adversary proceeding. Notwithstanding Plaintiff's dissatisfaction with Judge Adler's rulings, Plaintiff's FTCA claims against Judge Adler are barred by judicial immunity. *See, e.g., Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987) (affirming the district court's ruling that bankruptcy judges had absolute judicial immunity from money damages). Accordingly, Defendant United States is entitled to absolutely judicial immunity from Plaintiff's FTCA claims (claims one and three through seven) in the FAC against Judge Adler.

---

[3] The phrase "clear absence of all jurisdiction" is interpreted to mean "a clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987).

Similarly, Plaintiff's FTCA claims against United States Trustee Carroll and United Trustee Trial Attorney Mihelic are barred by quasi-judicial immunity. "Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order." *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989). "[C]ourt appointed officers who represent the estate are the functional equivalent of a trustee." *In re Harris*, 590 F.3d at 730, 742 (9th Cir. 2009). Because trustees "perform many of the functions that had been assigned previously to the bankruptcy judge," they are eligible for derived quasi-judicial-immunity." *See Balser v. Dept. of Justice, Office of the United States Trustee*, 327 F.3d 903, 910 (9th Cir. 2003) ("In light of the fact that United States trustees assume the judicial functions historically vested in bankruptcy and district courts, the actions of the United States trustees logically must be cloaked in the same immunity.").

Here, Plaintiff alleges that Defendants Carroll and Mihelic committed fraudulent acts in connection with the adversary proceeding. ECF No. 2-1 at 3-8. Notably, the FAC lacks any specific allegations of actions by Defendants Carroll and Mihelic, let alone any allegations that are unrelated to their employment as a trustee and trial attorney, respectively. The entirety of the allegations in the FAC concern the judicial process, so any basis for holding Carroll and Mihelic liable necessarily arise out of tasks that are part of that judicial process. Notwithstanding Plaintiff's dissatisfaction with the bankruptcy proceedings, the Court finds that Defendants Carroll and Mihelic were acting within the scope of their employment, and Plaintiff's FTCA claims against them are barred by quasi-judicial immunity. *In re Castillo*, 297 F.3d 940, 950 (9th Cir. 2002), as amended (Sept. 6, 2002) (internal citations omitted) (concluding Chapter 13 trustee and her assistant enjoyed absolutely quasi-judicial immunity related to decisions about scheduling bankruptcy confirmation hearing, including failing to give notice of the hearing); *see also Carillo v. Wieland*, 527 F.App'x 754, 757 (10th Cir. 2013) (U.S. Trustee's immunity extends to attorneys in her office). Defendant United States is entitled to immunity from Plaintiff's

FTCA claims (claims one and three through seven) in the FAC against Defendants Carroll and Mihelic.

Thus, because Plaintiff's claims against Judge Adler, United States Trustee Carroll and United States Trustee Trial Attorney Mihelic are barred by absolute or quasi-judicial immunity, Defendant United States' Motion to Dismiss is **GRANTED**. Further, because any amendment to overcome this immunity would be futile, Plaintiff's FTCA claims against the Defendant United States are **DISMISSED WITH PREJUDICE**.

Further, having dismissed Plaintiff's FTCA claims against the United States on the basis of subject matter jurisdiction, the Court need not address the United States' alternative arguments under the FTCA's misrepresentation exception or whether the Complaint should be dismissed under Rule 12(b)(6).

### B. <u>Individual Defendants' Motion to Dismiss Claim Two of the FAC</u>

#### 1. <u>Judicial and Quasi-Judicial Immunity Bar Plaintiff's Constitutional Claims Against the Individual Defendants</u>

The individual Defendants, Bankruptcy Judge Adler, United States Trustee Carroll, and United States Trustee Trial Attorney Mihelic, move to dismiss Plaintiff's second cause of action for "violation of constitutional rights" on the basis of judicial and quasi-judicial immunity. ECF No. 9 at 12-17. Plaintiff's second cause of action alleges that "Defendant has intentionally ignored. . . the U.S. Constitution – specifically the Due Process Clause of the Fifth Amendment and the Assistance of Counsel Clause of the Sixth Amendment – and has committed crimes against Plaintiff." ECF No. 1-2 at 4, ¶ 7. Plaintiff alleges that he was "coerced to pay [a $335 filing fee] as a result of Defendant's actions, which is a violation of his right to Due Process under the Fifth Amendment of the U.S. Constitution." *Id.* at ¶ 8. Plaintiff further alleges that the individual Defendants violated his Fifth Amendment rights by blocking his motions filed in the bankruptcy suit, and also because "Plaintiff's filings in the separate action were not read by the court…" *Id.* at ¶¶ 9-10. Finally, Plaintiff alleges that the individual Defendants violated his Sixth Amendment right by denying his motion to appoint him counsel. *Id.* at ¶ 11.

In *Bivens,* the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Western Radio Serv. Co. v. U.S. Forest Serv.,* 578 F.3d 1116, 1119 (9th Cir.2009) (quotation omitted). The Court in *Bivens* allowed a damages action against individual federal officials for violating the Fourth Amendment. *Bivens v. Six Unknown Federal Agents,* 403 U.S. 388 (1971). Since then, courts have found that bankruptcy judges' acts that are "judicial in nature and [] not done in clear absence of all jurisdiction" are "immune from *Bivens*-type liability." *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986); *see also Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d at 1394. With respect to Plaintiff's constitutional claims against Defendant Bankruptcy Judge Adler, the Court finds that she was acting in a judicial capacity within her judicial jurisdiction for the same reasons as set forth in the preceding Section III(A)(2).  Accordingly, Plaintiff's individual claims against Defendant Bankruptcy Judge Adler are barred by judicial immunity.

With respect to Plaintiff's constitutional claims against the individual Defendants Carroll and Mihelic, the Court finds that they are also barred due to quasi-judicial immunity for the reasons set forth in the preceding Section III(A)(2).

Accordingly, the Individual Defendants' Motion to Dismiss is **GRANTED**. Further, because any amendment to overcome this immunity would be futile, Plaintiff's constitutional claims against the individual Defendants are **DISMISSED WITH PREJUDICE**.

Further, having dismissed Plaintiff's constitutional claims against the individual Defendants on the basis of judicial and quasi-judicial immunity, the Court need not address the United States' alternative arguments.

### C. <u>Plaintiff's Objections Regarding Timeliness Are Overruled</u>

The Court also overrules Plaintiff's objections that the pending Motions to Dismiss were untimely and otherwise inappropriately filed. *See* Opposition to the United States' Motion to Dismiss at 13; *see also* Opposition to the Individual Defendants' Motion to

21cv1807-LL-DEB

Dismiss at 13. For example, Plaintiff argues that "F.R.Civ.P. 12 requires a motion to dismiss be filed within twenty-one days of service" and that "Criminals filed their motion to dismiss on October 28, 2021, which is seven days late." Opposition to the United States' Motion to Dismiss at 13. Similarly, Plaintiff argues that the individual Defendants' Motion to Dismiss is "at least twenty-four days late." Opposition to the Individual Defendants' Motion to Dismiss at 13.

Pursuant to Fed. R. Civ. P. 12(a)(3), the individual Defendants, as federal employees sued in their individual capacities, had sixty days after service on both themselves and the United States Attorney, whichever is later, to respond to the FAC. The Court has reviewed the docket in this case and finds that both Motions to Dismiss were appropriately and timely filed. Plaintiff's objections on this issue are overruled.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** the United States' Motion to Dismiss with prejudice and also **GRANTS** the Individual Defendants' Motion to Dismiss with prejudice. ECF Nos. 5, 9.

**IT IS SO ORDERED.**

Dated:  February 8, 2022

Honorable Linda Lopez
United States District Judge

21cv1807-LL-DEB