UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OLIVER,<br><br>                              Plaintiff,<br><br>v.<br><br>KRISTIN TAVIA MIHELIC, et al.,<br><br>                              Defendants. | Case No.: 21cv1807-LL-DEB<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT**<br><br>**[ECF No. 26]** |

Presently before the Court is Plaintiff's "Motion for Justice" which this Court construes as a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 26. The Court finds the Motion suitable for submission without oral argument. For the reasons set forth below, the Motion is **DENIED**.

**I.      Background**

On October 28, 2021, Defendant United States filed a "Motion to Dismiss Claims One and Three Through Seven of the Removed Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to Allege a Cognizable Claim." ECF No. 5. On November 22, 2021, Plaintiff Thomas Oliver, proceeding pro se, filed an "Objection" in response to the United States' Motion to Dismiss. ECF No. 11. On November 29, 2021, the Defendant United States filed a Reply. ECF No. 13.  On November 22, 2021, Defendants Bankruptcy Court Judge Louise Adler, Region 15 Acting United States Trustee Tiffany Carroll, and

Trial Attorney Kristin Mihelic (hereinafter "Individual Defendants") filed a "Motion to Dismiss Claim Two of the Removed Amended Complaint for Failure to Allege a Cognizable Claim." ECF No. 9. On December 27, 2021, Plaintiff filed an "Objection" in response to the Individual Defendants' Motion [ECF No. 18], and on December 29, 2021, the Individual Defendants filed a Reply [ECF No. 19].  On February 8, 2022, this Court issued an Order Granting both Motions to Dismiss with Prejudice [ECF No. 22], and judgment was entered accordingly. ECF No. 23.

On March 2, 2022, Plaintiff filed a Notice of Appeal of this Court's Orders in Docket Numbers 21 through 24.[1] ECF No. 25-1. Plaintiff also filed a Motion and Affidavit for Permission to Proceed In Forma Pauperis in the appeal. ECF No. 25. The Notice of Appeal and Motion to Proceed In Forma Pauperis are currently pending before the Ninth Circuit Court of Appeals. *See* Docket. On March 2, 2022, Plaintiff also filed the instant "Motion for Justice," which this Court hereby construes as a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 26.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 59, a party may file a motion to alter or amend a judgment after the entry of judgment. Fed.R.Civ.P. 59(e). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) ("In general, there are four basic grounds upon which a Rule 59(e) motion may be

---

[1] In addition to the Order granting both Motions to Dismiss and the corresponding judgment [ECF Nos. 22, 23], on February 8, 2022, the Court also issued an Order Denying Plaintiff's Motion to Remand [ECF No. 21] and an Order Denying Plaintiff's Motion for Default Judgment [ECF No. 24]. It is unclear whether Plaintiff's Motion for Justice seeks to alter the judgment in the Court's Order Denying Plaintiff's Motion to Remand and Order Denying Plaintiff's Motion for Default Judgment or only whether it seeks to alter the judgment in the Court's Order on the Motions to Dismiss. In any event, the Court's reasoning and conclusion in this Order applies to all four orders [ECF Nos. 21 – 24].

granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.").

The district court has "considerable discretion" in deciding whether to grant or deny the motion, but "[a]mending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate*, 634 F.3d at 1111 (internal quotation marks and citation omitted). Ultimately, "[t]here is no requirement that reasons be stated for the denial of a motion for reconsideration under Rule 59(e)." *Briddle v. Scott*, 63 F.3d 364, 381 (5th Cir. 1995).

### III. Analysis

Here, Plaintiff asserts the following:

Response to Specific Elements of the Court Orders[:]

The staff attorney wrote in doc no. 22 that I'm 'unhappy with the outcome of [my] bankruptcy court proceedings.' That's not correct. I'm unhappy with the rampant corruption that we have today in the syndicate. I'm unhappy that the syndicate is not doing a damn thing (corrective) about my case. I'm unhappy that authority without accountability permeates the syndicate. And I'm unhappy that we have 50,000+ innocent people in prison serving time for crimes they didn't commit and millions of others who have been victimized by the syndicate.

Under "Legal Standards" in doc no. 22, the true standard *should* be that everyone not break the rules and laws and not be criminals, particularly those who make or enforce them! Dr. Ron Paul, the greatest congressman this country has ever had post-1900, has always said that if an act is illegal for a person, it should also be illegal for the government. Everyone outside of government agrees.

Lastly, in doc no. 22, the staff attorney writes, 'a federal employee was acting in the scope of [her] employment at the time of the incident.' Nowhere in the universe can committing crimes be considered 'acting in the scope' of employment. To dismiss *anything* on these grounds is the ultimate insult to humanity.

ECF No. 26 at 4 (internal citation omitted). Although Plaintiff is not satisfied with the Court's Orders, he is not entitled to a second bite at the apple under Rule 59(e). Plaintiff's Motion does not identify any change in controlling law or newly discovered evidence. Instead, Plaintiff simply restates the arguments already made in his oppositions to the motions to dismiss and takes issue with the Court's conclusion and legal reasoning. The Court finds that Plaintiff has not offered any basis for the Court to reconsider its Order granting the motions to dismiss. *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding the district court did not abuse its discretion where it denied a Rule 59(e) motion to reconsider the judgment based on the same arguments presented in the original motion). Although Plaintiff does not agree with the legal standard relied upon by the Court in its Order granting the motions to dismiss, this does not warrant altering or amending the judgment because it is the required legal standard under controlling authority. Specifically, Plaintiff argues that "[t]he true standard *should* be that everyone not break the rules and laws and not be criminals, particularly those who make or enforce them!" (original emphasis included). ECF No. 26 at 4. However, Plaintiff's belief that the Court's conclusions are incorrect or unfair does not warrant altering or amending the judgment.

In sum, Plaintiff fails to present new evidence or describe an intervening change in controlling law. Plaintiff also fails to show that the Court committed clear error or that its order granting the motions to dismiss was manifestly unjust. At best, Plaintiff rehashes arguments previously asserted. Put simply, Plaintiff's opinion that the Court's conclusions are incorrect or unfair is not enough to alter or amend the judgment.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. Conclusion

The Court has considered all of the arguments and evidence in Plaintiff's Motion for Justice, and for the reasons stated herein, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 30, 2022

Honorable Linda Lopez
United States District Judge