1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   THOMAS OLIVER,                          Case No.:  21cv1807-LL-DEB

12                            Plaintiff,
                                            **ORDER DENYING MOTION TO**
13   v.                                     **ALTER JUDGMENT**

14   KRISTIN TAVIA MIHELIC, et al.,
                                            **[ECF No. 30]**
15                           Defendants.

16

17        Presently before the Court is Plaintiff's "Motion for Justice II" which this Court

18   construes as a renewed Motion to Alter Judgment pursuant to Federal Rule of Civil

19   Procedure 59(e). ECF No. 30. The Court finds the Motion suitable for submission without

20   oral argument. For the reasons set forth below, the Motion is **DENIED**.

21      **I.    Background**

22        On October 28, 2021, Defendant United States filed a "Motion to Dismiss Claims

23   One and Three Through Seven of the Removed Amended Complaint for Lack of Subject

24   Matter Jurisdiction and Failure to Allege a Cognizable Claim." ECF No. 5.  On November

25   22, 2021, Plaintiff Thomas Oliver, proceeding pro se, filed an "Objection" in response to

26   the United States' Motion to Dismiss. ECF No. 11. On November 29, 2021, the Defendant

27   United States filed a Reply. ECF No. 13.  On November 22, 2021, Defendants Bankruptcy

28   Court Judge Louise Adler, Region 15 Acting United States Trustee Tiffany Carroll, and

                                             1

1  Trial Attorney Kristin Mihelic (hereinafter "Individual Defendants") filed a "Motion to

2  Dismiss Claim Two of the Removed Amended Complaint for Failure to Allege a

3  Cognizable Claim." ECF No. 9. On December 27, 2021, Plaintiff filed an "Objection" in

4  response to the Individual Defendants' Motion [ECF No. 18], and on December 29, 2021,

5  the Individual Defendants filed a Reply [ECF No. 19].  On February 8, 2022, this Court

6  issued an Order Granting both Motions to Dismiss with Prejudice [ECF No. 22], and

7  judgment was entered accordingly. ECF No. 23.

8      On March 2, 2022, Plaintiff filed a Notice of Appeal of this Court's Orders in Docket

9  Numbers 21 through 24.[1]  ECF No. 25-1. Plaintiff also filed a Motion and Affidavit for

10 Permission to Proceed In Forma Pauperis in the appeal. ECF No. 25. The Notice of Appeal

11 and Motion to Proceed In Forma Pauperis are currently pending before the Ninth Circuit

12 Court of Appeals. *See* Docket. On March 2, 2022, Plaintiff also filed a "Motion for Justice,"

13 which this Court hereby construed as a motion to alter judgment pursuant to Federal Rule

14 of Civil Procedure 59(e). ECF No. 26. On March 30, 2022, the Court denied Plaintiff's

15 Motion to Alter Judgment. ECF No. 29.

16 **II.    Legal Standard**

17     Under Federal Rule of Civil Procedure 59, a party may file a motion to alter or amend

18 a judgment after the entry of judgment. Fed.R.Civ.P. 59(e). "Reconsideration is appropriate

19 if the district court (1) is presented with newly discovered evidence, (2) committed clear

20 error or the initial decision was manifestly unjust, or (3) if there is an intervening change

21 in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255,

22 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.

[1] In addition to the Order granting both Motions to Dismiss and the corresponding judgment [ECF Nos. 22, 23], on February 8, 2022, the Court also issued an Order Denying Plaintiff's Motion to Remand [ECF No. 21] and an Order Denying Plaintiff's Motion for Default Judgment [ECF No. 24]. It is unclear whether Plaintiff's Motion for Justice II seeks to alter the judgment in the Court's Order Denying Plaintiff's Motion to Remand and Order Denying Plaintiff's Motion for Default Judgment or only whether it seeks to alter the judgment in the Court's Order on the Motions to Dismiss. In any event, the Court's reasoning and conclusion in this Order applies to all four orders [ECF Nos. 21 – 24].

1    2011) ("In general, there are four basic grounds upon which a Rule 59(e) motion may be
2    granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which
3    the judgment rests; (2) if such motion is necessary to present newly discovered or
4    previously unavailable evidence; (3) if such motion is necessary to prevent manifest
5    injustice; or (4) if the amendment is justified by an intervening change in controlling law.").

6         The district court has "considerable discretion" in deciding whether to grant or deny
7    the motion, but "[a]mending a judgment after its entry remains an extraordinary remedy
8    which should be used sparingly." *Allstate*, 634 F.3d at 1111 (internal quotation marks and
9    citation omitted). Ultimately, "[t]here is no requirement that reasons be stated for the denial
10   of a motion for reconsideration under Rule 59(e)." *Briddle v. Scott*, 63 F.3d 364, 381 (5th
11   Cir. 1995).

12   **III.   Analysis**

13        Plaintiff's renewed Motion contains the same arguments made in his previous
14   Motion to Alter Judgment and other pleadings. *See* ECF Nos. 11, 18, 25, 26.  Although
15   Plaintiff is not satisfied with the Court's Orders, he is not entitled to a second bite at the
16   apple under Rule 59(e).  Plaintiff's Motion does not identify any change in controlling law
17   or newly discovered evidence. Instead, Plaintiff simply restates the arguments already
18   made in his previous "Motion for Justice" and oppositions to the motions to dismiss and
19   takes issue with the Court's conclusion and legal reasoning. The Court finds that Plaintiff
20   has not offered any basis for the Court to reconsider its previous orders. *See Wood v. Ryan*,
21   759 F.3d 1117, 1121 (9th Cir. 2014) (finding the district court did not abuse its discretion
22   where it denied a Rule 59(e) motion to reconsider the judgment based on the same
23   arguments presented in the original motion). As this Court already stated in its previous
24   Order Denying Plaintiff's Motion to Alter Judgment issued on March 30, 2022 (ECF No.
25   29), Plaintiff's disagreement with the legal standard relied upon by the Court in its previous
26   orders does not warrant altering or amending the judgment because it is the required legal
27   standard under controlling authority. Plaintiff's belief that the Court's conclusions are
28   incorrect or unfair does not warrant altering or amending the judgment.

1    In sum, Plaintiff fails to present new evidence or describe an intervening change in

2 controlling law. Plaintiff also fails to show that the Court committed clear error or that its

3 previous Orders were manifestly unjust. At best, Plaintiff rehashes arguments previously

4 asserted. Put simply, Plaintiff's opinion that the Court's conclusions are incorrect or unfair

5 is not enough to alter or amend the judgment.

6    **IV.    Conclusion**

7    The Court has considered all of the arguments and evidence in Plaintiff's Motion for

8 Justice II, and for the reasons stated herein, Plaintiff's Motion is **DENIED**.

9    **IT IS SO ORDERED**.

10 Dated:  May 13, 2022

11

12    Honorable Linda Lopez
      United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28